PHILLIP A. TALBERT
Acting United States Attorney
NIRAV K. DESAI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>KAMYAR SOLTANI,<br>  aka Kami Soltani,<br><br>          Defendant. | CASE NO. 2:14-CR-052 GEB<br><br>STIPULATION CONTINUING TRIAL DATE AND TRIAL CONFIRMATION HEARING, AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: June 17, 2016<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for a trial commencing August 23, 2016, with a trial confirmation hearing on June 17, 2016. Time periods under the Speedy Trial Act were previously excluded through August 23, 2016 (dkt. no. 38).

2.     By this stipulation, the parties now move to continue the trial date until February 28, 2017, continue the trial confirmation hearing until December 9, 2016, and to exclude time between June 17, 2016, and February 28, 2017, under Local Code T4.

3.     The parties agree and stipulate, and request that the Court find the following:

          a)     The government has represented that the discovery associated with this case

includes documents and audio recordings totaling approximately 4,070 pages.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  The defendant has produced over 3,000 pages of discovery, including financial and medical records of the defendant, to the government.

  b) The indictment charges the defendant with three counts of an Attempt to Evade or Defeat a Tax in violation of 26 U.S.C. § 7201.  The defendant's counsel has raised, and continues to investigate, two issues he believes to be relevant to the trial.

  c) First, he has represented that he is investigating certain issues related to the defendant's memory and intends to conduct additional interviews of the defendant's healthcare providers.  The government also intends to interview the defendant's healthcare providers on this issue and has provided the defendant's attorney with multiple privacy (HIPPA) releases for execution by the defendant that will allow the government to complete the various interviews; those releases are pending with the defendant's counsel.  Once the government has completed the interviews of the defendant's healthcare providers, it will provide reports of the same to the defendant.

  d) Second, the defendant's counsel has represented that he continues to investigate a set of transactions that defense believes could "offset" the tax due and owing alleged by the government.  The defendant requires additional time to investigate the offset issue and has indicated to the government it will seek to retain an expert witness on that issue.

  e) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f) The government does not object to, and joins in, the continuance.

  g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 17, 2016, to February 28,

2017, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 31, 2016                          PHILLIP A. TALBERT
                                             Acting United States Attorney

                                             /s/ Nirav K. Desai
                                             NIRAV K. DESAI
                                             Assistant United States Attorney

Dated: May 31, 2016                          /s/ Donald Heller, Esq. (as authorized on May 31, 2016)
                                             Donald Heller, Esq.
                                             Counsel for Defendant
                                             Kamyar Soltani

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: June 1, 2016

                                             GARLAND E. BURRELL, JR.
                                             Senior United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME                    3
PERIODS UNDER SPEEDY TRIAL ACT